## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ANDRE A. COPES,** | Civil Action No. 23-939 (KMW) |
| **Petitioner,** | |
| v. | **MEMORANDUM OPINION** |
| **STATE OF NEW JERSEY,** | |
| **Respondent.** | |

This matter comes before the Court on Petitioner Andre Copes's habeas petition (ECF No. 1) through which Petitioner appears to be attempting to challenge some manner of state court judgment or order issued by a court he believes to have lacked proper jurisdiction. As Petitioner has now paid the filing fee, this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

By way of background, Petitioner filed his habeas petition on or about February 14, 2023. (ECF No. 1.) On March 3, 2023, this Court entered an order administratively terminating this matter because Petitioner did not pay the filing fee. (ECF No. 2.) That order also directed Petitioner to refile his habeas petition on the form required by the local civil rules. (*Id.*) Finally, this Court also explained as follows:

> [in his current petition,] Petitioner faces the additional hurdle that he does not appear to currently be in custody based on the information provided in the petition. Both statutes require that a petitioner be "in custody" in order to proceed with a habeas petition. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (through §§ 2241 and

2254, Congress gave federal courts only "jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody'"); *Obado v. New Jersey*, 328 F.3d 716, 717-18 (3d Cir. 2003) (prisoner must be "in custody" pursuant to the challenged state court judgment to proceed with § 2254 habeas challenge). This Court lacks jurisdiction over any habeas petition filed by a person who is not "in custody" at the time he files his petition. *Maleng*, 490 U.S. at 490-91; *Obado*, 328 F.3d at 717-18. As it does not appear that Petitioner is currently "in custody," it appears that this Court may lack jurisdiction over his petition. To the extent Petitioner chooses to pursue his habeas petition by paying the filing fee, he must therefore provide the Court some basis for finding that he is currently in custody. Failure to do so will result in this petition being dismissed for lack of jurisdiction.

(ECF No. 2 at 2.) Although Petitioner responded by paying the filing fee in early March 2023, he has failed in the following two months to either refile on the required form or respond to the Court's order on the custody issue.

Although Petitioner's habeas petition is relatively vague on the judgment or order he wishes to challenge, Petitioner's habeas petition was mailed to the court in an envelope whose return address was a private residence in Camden, New Jersey. (ECF No. 1-1.) Nothing in Petitioner's current petition states that he is in custody pursuant to a state judgment, or that he is in custody at all. Indeed, his petition neither clearly identifies the judgment or order he seeks to challenge, nor provides factual matter as to the nature of his injury. It thus appears that Petitioner is not currently in custody, and that this Court lacks jurisdiction over his habeas petition as a result. *Obado*, 328 F.3d at 717-18. Therefore, Petitioner's habeas petition will be dismissed without prejudice at this time.[1]

---

[1] Although the custody issue is sufficient to warrant the dismissal of the petition, the Court also notes that Petitioner's current petition does not meet the pleading requirements for a habeas petition. Specifically, Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petition specify all grounds for relief, state the facts supporting each ground, and state the relief requested. Petitioner's habeas petition *suggests* he has claims he wishes to raise about the legitimacy of the body imposing upon him, but he does not specify his claims clearly, nor does he

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state judgment unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's conclusion that Petitioner does not appear to be in custody sufficient to trigger habeas jurisdiction and that this Court lacks jurisdiction over his petition as a result, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner is denied a certificate of appealability.

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as for lack of custody, and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge

---

provide any factual allegations. His habeas petition would therefore be subject to dismissal for that reason as well.